UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF THOMASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV1352 |
| | ) | |
| THE PROCTER & GAMBLE | ) | Removed from Circuit Court of City of |
| MANUFACTURING COMPANY, | ) | St. Louis Case No. 1122-CC01826-01 |
| | ) | |
| and | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| UTI INTEGRATED LOGISTICS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant The Procter & Gamble Manufacturing Company ("P&G"), by and through its attorneys, and gives notice that the case of Jeff Thomason v. The Procter & Gamble Manufacturing Company, et al., initiated in the Circuit Court of the City of St. Louis, Missouri, on or about May 10, 2011, and assigned Cause No. 1122-CC01826, has on this 4th day of August, 2011, been removed to the United States District Court for the Eastern District of Missouri. As grounds for removal, P&G states:

1.      On May 10, 2011, Jeff Thomason initiated this case by filing a Petition in the Circuit Court of the City of St. Louis, Missouri, in an action titled Jeff Thomason v. The Procter & Gamble Manufacturing Company and UTI Integrated Logistics, Inc., and there designated as Cause No. 1122-CC01826. P&G was served on June 1, 2011. P&G removed the case on June 30, 2011, and it was assigned Case No. 4:11-CV-01160. On July 5, 2011, Judge Sippel issued a *sua sponte* Memorandum and Order of Remand (Doc. #6), stating that "plaintiff's rote prayer for an unspecified amount of damages is insufficient to trigger a defendant's right to removal" and

citing "no evidence, either through discovery responses or a settlement demand, that would indicate the amount in controversy exceeds $75,000." P&G issued its First Requests for Admission Directed to Plaintiff on July 7, 2011, and on July 14, 2011, Plaintiff's responses admitted that the amount-in-controversy in this case exceeds $75,000.00. *See* Defendant The Procter & Gamble Manufacturing Company's First Requests for Admission Directed to Plaintiff, attached hereto as A; Plaintiff's Response to Defendant's Request to Admit Fact, attached hereto as Exhibit B.

2.     A copy of the court's files from the Circuit Court of the City of St. Louis, Missouri, including those documents in the original case file numbered 1122-CC01826 and those in the case file numbered 1122-CC01826-01 following Judge Sippel's Memorandum and Order of Remand, is attached hereto as Exhibit C. The previous proceedings in federal court are available on the federal court's PACER system, assigned Case No. 4:11-CV-01160-RWS, and are incorporated by reference as though attached hereto. No further proceedings have been had in this action, nor have any other processes, pleadings, or orders been served on any Defendant.

3.     This notice is filed within the time permitted under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a) for removal when it was filed within thirty days of the amount-in-controversy becoming ascertainable to P&G upon receipt of "a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable," in this case Plaintiff's discovery responses answered on or about July 14, 2011 admitting that the amount-in-controversy exceeds $75,000.00. 28 U.S.C. § 1446(b); *see also In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000). *See* Exhibit A; Exhibit B.

4.     Removal of this action is proper under 28 U.S.C. § 1441. This is a civil action brought in state court, and this Court has original jurisdiction over the action under 28 U.S.C.

§ 1332 since Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000.

5.      Said cause of action is not an action described in 28 U.S.C. § 1445.

### DIVERSITY OF CITIZENSHIP EXISTS

6.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332 by reason of diversity of citizenship between the parties, in that the Defendants are now, and were at the time this action was commenced, diverse in citizenship from Plaintiff.

7.      Plaintiff is an individual who, upon information and belief and according to the Petition, resides in Granite City, Illinois. *See* Petition. Accordingly, Plaintiff is a citizen of the State of Illinois for the purposes of assessing diversity jurisdiction.

8.      P&G is an Ohio corporation with its principal place of business in Ohio. Accordingly, P&G is a citizen of the State of Ohio for purposes of assessing diversity jurisdiction.

9.      UTI Integrated Logistics, Inc. ("UTI"), upon information and belief, is or was a South Carolina corporation with its principal place of business in South Carolina. Accordingly, UTI is a citizen of the State of South Carolina for purposes of assessing diversity jurisdiction.

### THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

10.     The amount in controversy is satisfied for diversity jurisdiction. Plaintiff admits that the amount in controversy in this case exceeds $75,000, that he is seeking to recover greater than $75,000, and that the damages he sustained as a result of the alleged incident exceed $75,000. Defendant The Procter & Gamble Manufacturing Company's First Requests for Admission Directed to Plaintiff, attached hereto as Exhibit A, at Nos. 1, 3, 5, 7, 9; Plaintiff's Response to Defendant's Request to Admit Fact, attached hereto as Exhibit B, at Nos. 1, 3, 5, 7, 9. Plaintiff's Petition alleges that he was "made sick, sore, lame, disordered and disabled and

3

suffered extensive injuries to his head, body, and limbs, both internally and externally," as well as injuries to his neck, shoulder, low back, and the soft tissues of the cervical, shoulder, and lumbar area, that required payment of medical bills in the past and will require him "to expend money for medical care, treatment, and services in the future." Petition, at Counts I, II, III, and IV, ¶¶ 7(a) through (f). Plaintiff also complains that he has suffered disability, has experienced and will experience pain and suffering, and has and will suffer lost wages. Petition, at Counts I, II, III, and IV, ¶¶ 7(g) through (i).

11. The amount in controversy is met for diversity jurisdiction "when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

12. For the first time in his Response to Defendant's Request to Admit Facts, Plaintiff admits that the amount in controversy exceeds $75,000, and because Plaintiff is seeking damages for past and future medical expenses for injuries to his head, body, limbs, neck, shoulder, low back, and cervical, shoulder, and lumbar areas, and complains of past and future pain along with past and future lost wages, a reasonable jury could award more than $75,000.00 in damages if liability is established.

13. Plaintiff's claims meet the amount in controversy requirement, and the Court has diversity jurisdiction over this case.

### FILING OF PAPERS

14. Written notice of the filing of this Notice of Removal will be given to Plaintiff's counsel, as required by law.

15. A true and correct copy of this Notice of Removal will be filed with the Clerk for the Circuit Court of the City of St. Louis, Missouri.

16.     Neither this same cause, nor a substantially equivalent complaint, has been previously filed in this Court, and therefore may be opened as an original proceeding.  The Original Filing Form is attached hereto as Exhibit D.

17.     The Civil Cover Sheet is attached hereto as Exhibit E.

18.     A copy of Defendant UTI Integrated Logistics, Inc.'s consent to removal is attached hereto as Exhibit F.

WHEREFORE Defendant The Procter & Gamble Manufacturing Company hereby gives notice that the above action initiated in the Circuit Court of the City of St. Louis, Missouri, is hereby removed to the United States District Court for the Eastern District of Missouri for the reasons stated above.

ARMSTRONG TEASDALE LLP

BY: /s/ Chad D. Silker
      Frank N. Gundlach  #18230MO
      Matthew J. Reh  #49418MO
      Chad D. Silker  #57522MO
      7700 Forsyth Blvd., Suite 1800
      St. Louis, Missouri 63105
      314.621.5070 (phone)
      314.621.5065 (facsimile)
      fgundlach@armstrongteasdale.com
      mreh@armstrongteasdale.com
      csilker@armstrongteasdale.com

ATTORNEYS FOR DEFENDANT THE PROCTER & GAMBLE MANUFACTURING COMPANY

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served by U.S. Mail, first class, postage prepaid, on this 4th day of August, 2011, to:

Thomas C. Rich
Kristina D. Cooksey
THOMAS C. RICH, P.C.
6 Executive Drive, Suite 3
Fairview Heights, IL 62208
tomrich@tomrichlaw.com

Edward S. Meyer
Maghen Waterkotte
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, MO 63102
meyer@pspclaw.com

                                        /s/ Chad D. Silker_____