UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFF THOMASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE PROCTER & GAMBLE | ) No. 4:11CV01352 RWS |
| MANUFACTURING COMPANY, UTI | ) |
| INTEGRATED LOGISTICS, INC., and | ) |
| XTRA LEASE, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT XTRA LEASE, LLC'S
## ANSWER TO THIRD AMENDED PETITION

COMES NOW Defendant XTRA Lease, LLC ("XTRA"), by and through its attorneys, and for its Answer to Plaintiff's Third Amended Petition, states as follows:

### COUNT I

1-7. The allegations in Count I are not directed to XTRA and therefore no answer is required. To the extent an answer is required, the allegations in paragraphs 1-7 of Count I are denied, pursuant to Rule 8(b)(5), for lack of knowledge or information sufficient to form a belief about their truth.

### COUNT II

1-7. The allegations in Count II are not directed to XTRA and therefore no answer is required. To the extent an answer is required, the allegations in paragraphs 1-7 of Count II are denied, pursuant to Rule 8(b)(5), for lack of knowledge or information sufficient to form a belief about their truth.

## COUNT III

1-7. The allegations in Count III are not directed to XTRA and therefore no answer is required. To the extent an answer is required, the allegations in paragraphs 1-7 of Count III are denied, pursuant to Rule 8(b)(5), for lack of knowledge or information sufficient to form a belief about their truth.

## COUNT IV

1-7. The allegations in Count IV are not directed to XTRA and therefore no answer is required. To the extent an answer is required, the allegations in paragraphs 1-7 of Count IV are denied, pursuant to Rule 8(b)(5), for lack of knowledge or information sufficient to form a belief about their truth.

## COUNT V

1. XTRA admits that it is a limited liability company authorized to do business in the State of Missouri and provides trailers in Missouri. Except as expressly admitted, XTRA denies the allegations in paragraph 1 of Count V.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

WHEREFORE Defendant XTRA Lease, LLC prays for judgment in its favor, for its taxable court costs, and for other and further relief as is just and proper.

## COUNT VI

1.  XTRA admits that it is a limited liability company authorized to do business in the State of Missouri and provides trailers in Missouri. Except as expressly admitted, XTRA denies the allegations in paragraph 1 of Count VI.

2.  Denied.

3.  Denied.

4.  Denied.

5.  Denied.

6.  Denied.

7.  Denied.

WHEREFORE Defendant XTRA Lease, LLC prays for judgment in its favor, for its taxable court costs, and for other and further relief as is just and proper.

## COUNT VII

1-7. The allegations in Count VII are not directed to XTRA and therefore no answer is required. To the extent an answer is required, the allegations in paragraphs 1-7 of Count VII are denied, pursuant to Rule 8(b)(5), for lack of knowledge or information sufficient to form a belief about their truth.

## COUNT VIII

1-7. The allegations in Count VIII are not directed to XTRA and therefore no answer is required. To the extent an answer is required, the allegations in paragraphs 1-7 of Count VIII are denied, pursuant to Rule 8(b)(5), for lack of knowledge or information sufficient to form a belief about their truth.

## COUNT IX

1-7.    The allegations in Count IX are not directed to XTRA and therefore no answer is required.  To the extent an answer is required, the allegations in paragraphs 1-7 of Count IX are denied, pursuant to Rule 8(b)(5), for lack of knowledge or information sufficient to form a belief about their truth.

## COUNT X

1-7.    The allegations in Count X are not directed to XTRA and therefore no answer is required. To the extent an answer is required, the allegations in paragraphs 1-7 of Count X are denied, pursuant to Rule 8(b)(5), for lack of knowledge or information sufficient to form a belief about their truth.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1.    XTRA denies each and every remaining allegation contained in Plaintiff's Third Amended Petition not expressly admitted elsewhere herein.  Defendant denies that Plaintiffs are entitled to the relief sought or any other relief against XTRA.

2.    Plaintiff's Third Amended Petition fails to state a claim against XTRA upon which relief can be granted.

3.    XTRA does not own, possess, operate, manage, maintain or control the "premises ... located at 169 East Grand Ave., in the City of St. Louis...."

4.    XTRA never had possession or control of any trailer at 169 East Grand Ave. in the City of St. Louis.

5.    XTRA has insufficient information about any trailer that was allegedly involved in this case even to know whether it was owned by XTRA Lease.  However, even if the trailer at issue was owned by XTRA, then it was under the complete control and possession of a lessee,

because XTRA does not make any trailers available to the public. If a trailer owned by XTRA was at 169 East Grand Ave., in the City of St. Louis, it was not in the possession or control of XTRA. The only way that a trailer owned by XTRA could have been at 169 East Grand Ave., in the City of St. Louis, is if a lessee allowed it to be put there.

6. Even if there was a dangerous condition as alleged by Plaintiff, which XTRA denies, XTRA could not have known of, warned of or prevented it.

7. Plaintiffs' claims are barred by the Supremacy Clause of the United States Constitution Art. VI, § 2 because those claims are barred and preempted by federal law, including 49 U.S.C. §30106.

8. Plaintiffs' claims are barred by the Supremacy Clause of the United States Constitution Art. VI, § 2 because those claims are barred and preempted by federal law, including 49 U.S.C. §14501(c).

9. If Plaintiff was damaged, which is denied, all such damage was caused or contributed to be caused by plaintiff's assumption of risk.

10. If Plaintiff was damaged, which is denied, all such damage was caused or contributed to be caused by plaintiff's implied primary assumption of risk.

11. If there was ice on the trailer as alleged by Plaintiffs, which is denied, then it was open and obvious.

12. If Plaintiff was damaged, which is denied, all such damage was caused or contributed to be caused by the negligence or fault of the Plaintiff, which should be compared to diminish or bar recovery.

13. If Plaintiff was damaged as alleged, which is denied, all such damage was caused or contributed to be caused by the negligence or fault of others over whom XTRA has and had no control.

14. Plaintiff is barred from recovery based upon the doctrines of waiver, estoppel and laches.

15. If Plaintiff was damaged as alleged, which is denied, Plaintiff's damages should be reduced due to Plaintiff's failure to mitigate any injuries or damages that he has allegedly suffered.

16. XTRA expressly requests that Plaintiff's claims be reduced pursuant to Mo. Rev. Stat. §537.060 in the event that Plaintiff has previously settled or in the future settles any of his claims being asserted in this lawsuit against any other Defendant, any other party (person or entity), any other joint tortfeasor (person or entity), or any other person or entity liable in tort for their damages, if any, arising out of the incident that is the subject of this litigation.

17. XTRA is entitled to set-off, should any damages be awarded against it, the amount of damages or settlement amounts recovered by Plaintiff with respect to the same alleged injuries.

18. If Plaintiff sustained any injuries or incurred any damages, such injuries and damages, if any, were the result of intervening or superseding events, factors, occurrences or conditions, which were in no way caused by XTRA and for which XTRA is not liable.

19. Plaintiff's claims are barred in whole or in part, because XTRA did not owe any legal duty to Plaintiff.

20. If XTRA owed any legal duty to Plaintiff, which is denied, it did not breach that duty.

21. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to join all necessary and/or indispensable parties to this suit.

22. XTRA hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, Defendant XTRA Lease, LLC, denying that it is liable to the Plaintiff and denying that Plaintiff is entitled to the relief sought in his Third Amended Petition or any relief whatsoever, asks this Court to dismiss the Third Amended Petition against XTRA with prejudice for failure to state a claim upon which relief can be granted, and, alternatively, for a judgment in its favor, that costs be taxed against Plaintiff, and for such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED.**

ARMSTRONG TEASDALE LLP

BY: /s/ Matthew S. Shorey
    Matthew S. Shorey     #47861MO
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    314.621.5070
    314.621.5065 (facsimile)
    mshorey@armstrongteasdale.com

ATTORNEYS FOR DEFENDANT
XTRA Lease, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2011, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Thomas C. Rich
THOMAS C. RICH, P.C.
Six Executive Drive
Suite Three
Fairview Heights, IL 62208
tomrich@tomrichlaw.com
*Attorneys for Plaintiffs*

Matthew J. Reh
Chad D. Silker
ARMSTRONG TEASDALE, LLP
7700 Forsyth Boulevard
Suite 1800
St. Louis, MO 63105
mreh@armstrongteasdale.com
csilker@armstrongteasdale.com
*Attorneys for Defendant The Procter & Gamble Manufacturing Company*

Edward S. Meyer
PITZER SNODGRASS, P.C.
100 S. Fourth Street
Suite 400
St. Louis, MO 63102-1821
meyer@pspclaw.com
*Attorneys for Defendant UTI Integrated Logistics, Inc.*

/s/ Matthew S. Shorey